**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LUIS GIOVANNI TRISTAN, #1756499,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:12-CV-2828-P-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28

U.S.C. § 2254.  For the reasons that follow, it is recommended that the habeas petition be denied.

**I. BACKGROUND**

Petitioner pled guilty to possession of a controlled substance in a drug-free zone and was

sentenced to two years' imprisonment.  *State v. Tristan*, No. W11-41131-J (Criminal District

Court No. 3, Dallas County, Nov. 29, 2011).  Petitioner did not appeal, and the Texas Court of

Criminal Appeals denied his state habeas application without written order.  *See Ex parte

Tristan*, No. WR-77,723-01, at action taken sheet (Tex. Crim. App. Jun. 13, 2012).[1]

In this timely federal petition, Petitioner claims ineffective assistance of counsel and

abuse of discretion by the trial court.  (Doc. 3 at 6-7).  Respondent argues the petition lacks

merit.  (Doc. 9 at 1).  Petitioner has not filed a reply.

---

[1] "SHCR-01," followed by the page number, refers to the State Habeas Clerk's Record in No.
WR-77,723-01.  Although the "action taken sheet" reflects the application was denied without
written order on the trial court's findings, the record confirms the trial court filed no findings in
the case.  *See* SHCR-01 at 1.

## II. ANALYSIS

**<u>Petitioner's Claims Lack Merit</u>**

Petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Petitioner has the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  However, that burden is difficult to meet as the state court's decisions are reviewed under a "highly deferential standard" and given "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  The deferential standard of review applies even where the state court, as in this case, summarily denied the state application. *See Richter*, 131 S. Ct. at 785 ("§2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'").

Moreover, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'"  *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted).  To establish ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.

In determining whether counsel's performance is constitutionally deficient, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see also Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 741 (2011) (strict adherence to *Strickland* standard is very important in guilty-plea cases). To establish prejudice in the context of a guilty plea, Petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, Petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

Ineffective Assistance of Counsel (Claims 1-3)

In his Petition, which is devoid of any supporting factual allegations, Tristan claims defense counsel was ineffective in failing to (1) challenge the prosecution's presentation of the evidence, (2) request the State to produce some or all of the evidence before the plea hearing, and (3) inform Petitioner that no laboratory tests were conducted on the controlled substance he was charged with possessing. (Doc. 3 at 6-7). He argues that defense counsel "knew" to request laboratory reports regarding the substance before the plea hearing, and avers that he would not have entered a guilty plea if he had known that no testing was conducted on the substance. *Id.* at 7.

Respondent correctly asserts that Petitioner's voluntary guilty plea waived his claims of ineffective assistance of counsel. *See Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (once a defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the criminal proceedings are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea). While Petitioner claims (for the first time in his federal

petition) that he would not have entered a guilty plea if he had known that no laboratory tests were conducted on the seized substance (Doc. 3 at 7), his allegations do not raise any question as to the voluntariness of his plea. *See Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994) ("If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review.") (quotation and quoted case omitted). Here, Petitioner has not alleged a misunderstanding of his constitutional protections or of the charges against him. In fact, during the guilty plea proceeding, Petitioner affirmed that he understood the charges against him and the rights he was waiving, and that he was guilty of the charged offense. SHCR-01 at 43-44. He also executed a judicial confession to the charge against him. SHCR-01 at 45. Accordingly, in light of his knowing and voluntary guilty plea, Petitioner has waived his claims of ineffective assistance of his plea counsel.

Notwithstanding his waiver, Petitioner's claims lack merit. He offers no factual support for his claims, only his opinions and conclusory statements. Without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). Furthermore, Petitioner has not indicated how counsel's performance prejudiced him -- apart from his general supposition that he would not have pled guilty had he known that no laboratory tests were conducted. (Doc. 3 at 7). Indeed, Petitioner never even suggests that the substance he pled guilty to possessing was not, in fact, the controlled substance charged in the indictment. Because Petitioner's allegations are conclusory and speculative, they cannot form the basis for section 2254 relief.

Petitioner has not demonstrated that the state court's decision rejecting his ineffective-assistance-of-counsel claims was contrary to, or involved an unreasonable application of, clearly established federal law.  Therefore, these claims fail.

<u>Trial Court Abused Discretion</u> (Claim 4)

Petitioner asserts the trial court abused its discretion because no evidence was introduced at his plea hearing.  (Doc. 3 at 7).  And in his brief, Petitioner argues that the State failed to offer sufficient evidence to support the judgment and substantiate his guilty plea, specifically: (1) the report of the arresting officer that a field test was conducted to confirm the "controlled substance was in fact cocaine as charged in the indictment"; (2) an affidavit of the arresting officer attesting that the seized contraband was submitted for laboratory testing and noting its quantity; and (3) an affidavit or stipulation of fact that Petitioner was "arrested near a school zone as charged."  (Doc 5 at 2-3).

This claim fails for two reasons.  First, no federal constitutional issue is raised by the failure of the Texas state court to require evidence of guilt corroborating a voluntary plea.  *Smith v. McCotter,* 786 F.2d 697, 702 (5th Cir.1986) (quoting *Baker v. Estelle,* 715 F.2d 1031, 1036 (5th Cir.1983)); *see also Kelley v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981) (refusing to apply sufficiency of evidence standard to guilty pleas).  Second, under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea.  *See Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (listing the acceptable forms of evidence to support a guilty plea, including a written statement by the defendant admitting culpability).

In his judicial confession, Petitioner waived his constitutional rights against self-incrimination and stipulated that:

> On the 4th day of December A.D., 2010, in Dallas County, Texas, [he] did unlawfully, intentionally and knowingly possess a controlled substance, to-wit: COCAINE, in an amount by aggregate weight, including any adulterants or dilutants, of less than 1 gram.
>
> And further, said possession was in, on or within 1,000 feet of any real property that is owned, rented and leased to a school or school board, to-wit: MOTLEY ELEMENTARY SCHOOL, located at 3719 MOON DRIVE, MESQUITE, DALLAS COUNTY, TEXAS.

(SHCR-01 at 45). Petitioner's judicial confession fulfilled the state's evidentiary burden, thus nothing further was required.

Petitioner cannot demonstrate that the state court's decision rejecting this claim was contrary to, or involved an unreasonable application of, clearly established federal law. Therefore, this claim also fails.

### Evidentiary Hearing Not Required

In a separate motion, Petitioner requests an evidentiary hearing "to develope [sic] facts that are not found in the Court records of the Plea Procceding [sic]." (Doc. 4 at 1). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under § 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under § 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of § 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DENIED**.

SIGNED July 19, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE